### WATSON *against* WATSON and others.

Where the defence to an action of trover for a ram, was, that he was taken while going at large, with three other rams, between the 1st day of *August*, and the 1st day of *December*, contrary to the statute relating to sheep, and the defendant selected this ram, claiming him to be forfeited ; and to establish the

fact of selection, he relied upon evidence introduced by the plaintiff, shewing, that the defendant secretly removed the ram in question several miles off; that he afterwards brought him back in the night, and kept him a while privately, and then killed him; and that before this, the defendant had kept him privately confined in his barn, in his cellar and in his office; it was held, that these acts did not conduce to shew a selection of this ram, or an intention of selecting him, from others, as the subject of forfeiture.

*Hartford,*
*June, 1841.*

Watson
*v.*
Watson.

THIS was an action of trover for a certain white ram, of the *Dishley* breed, alleged to be of the value of 200 dollars. The defendants pleaded the general issue, and a special plea, setting forth the proceedings and judgment in a former action of replevin between the same parties, relating to four sheep, of which the ram mentioned in this declaration was one.

The cause was tried at *Hartford, January* term, 1841, before *Church*, J.

The defence set up, under both pleas, was, that the ram in question was taken, while going at large, with three other rams, between the 1st day of *August* and the 1st day of *December*, contrary to the provisions of the act relating to sheep, *sect.* 6; that the defendants were the persons who had found and taken up said rams; and that they had selected the ram mentioned in the declaration to be the subject of forfeiture, pursuant to the additional act passed in 1824; (*a*) that the forfeiture of ten dollars had been incurred; and that the plaintiff had not paid it.

The plaintiff offered evidence to prove, and claimed to have proved, that the defendants took said rams on the 28th of *September*, 1838; that they locked them up in the defendants' barn, and concealed them in a dark room therein, where they could not be seen by the plaintiff; that thereupon, on the same day, the plaintiff applied to one of the defendants to know if he had said rams, and demanded them, offering to pay all demands; that such defendant denied that he had them; that soon afterwards, the defendants secretly removed the *Dishley* ram from the barn into the cellar, and thence into their office and concealed him there; that the defendants afterwards removed him secretly, in the night, to *Hudson's* paper mills, (several miles distant,) and afterwards brought

(*a*) This act does not appear in the edition of the statutes published in 1835, but is incorporated with the 6th section of the principal act in the edition of 1838.

*Hartford,*
June, 1841.

Watson
*v.*
Watson.

him back privately, in the night ; and that some weeks after this, they killed him and ate him in the family. The plaintiff also claimed, that the defendants hindered him from paying or tendering the forfeiture ; that they did not select the *Dishley* ram to be the subject of the forfeiture ; and if so, that the plaintiff had no notice of such selection. The defendants insisted, that it sufficiently appeared from said record and the evidence introduced by the plaintiff himself, that they had made such selection, and that this was well known to him ; and prayed the court to instruct the jury, that if they should so find, the ram in question had become forfeited, and the plaintiff could not recover.

The court instructed the jury, 1. that by reason of the record admitted and read in evidence by the defendants, the jury must consider these facts as proved, *viz.* that the sheep were found at large in the defendants' enclosure ; that the defendants took possession of them under the statute relating to sheep ; that when they thus took possession, they did not know to whom the sheep belonged ; and that they posted the sheep and left a description of them with the town-clerk according to the statute : 2. that if the plaintiff, within five days after the posting of the sheep, was ready and offered to pay to the defendants ten dollars, and the defendants, then knowing said sheep to belong to the plaintiff, refused to receive the money : and for the purpose of preventing the plaintiff from paying or tendering the sum of ten dollars according to the statute, purposely concealed the sheep, and especially the one now in question, and denied that they had them, they were not justified under the statute : 3. that the ram in question did not become forfeited to the defendants under the statute, as they claimed, unless the defendants, within five days after the posting, really selected and designated the sheep in question from the other rams taken up, at the same time, by the defendants, as the one to become forfeited ; and in order to make such selection, if the defendants then knew that the sheep belonged to the plaintiff, it was their duty, in a reasonable manner and within a reasonable time, to give notice to the plaintiff of such selection.

The jury returned a verdict for the plaintiff ; and the defendants moved for a new trial for a misdirection.

*W. W. Ellsworth* and *T. C. Perkins*, in support of the motion.

*Toucey*, contra.

CHURCH, J.   The questions which have been discussed, do not arise from the facts appearing upon this motion.

The defendants, in support of their motion, rely upon what they suppose to be the mistake of the judge in the court below, in his instructions to the jury regarding the acts necessary to constitute a selection, by the defendants, of the ram to become forfeited, under the statute in addition to an act relating to sheep, passed in 1824.

Upon an inspection of the motion, we do not discover, that there was, on the trial, any evidence from which a question on that subject could arise, and which made it necessary for the judge to call the attention of the jury to it.

It does not appear from the record introduced in evidence, on the trial, by the defendants, that they ever made, or attempted to make, any selection ; and this was all the proof of any kind introduced by them.   But they insisted, that the fact of a selection appeared from the proof introduced by the plaintiff.   We do not think so.   It was proved, by the plaintiff, that the defendants secretly removed the ram in question, several miles off ; that they afterwards brought him back, in the night, and kept him privately, and afterwards killed him ; and that before this, they had kept him privately confined in the barn, in the cellar, and in the office of one of the defendants.   But it is no where intimated, that these acts of the defendants, or either of them, were done with an intention of selecting this ram from others, as the subject of forfeiture ; nor do any of these acts conduce to show this ; on the contrary, they prove convincingly, that the intention was to conceal entirely from the plaintiff all knowledge of the ram.

The defendants, therefore, could not have been prejudiced, at the trial, by any remarks of the judge, on the subject of a selection, even if they were not strictly legal ; which we do not intend to intimate.

We do not advise a new trial.

In this opinion the other Judges concurred.

New trial not to be granted.